NUTTING v. KINGS COUNTY E. R. CO.   BRYAN v. SAME.   CRONER v. SAME.

(*Supreme Court, General Term, Second Department.*  May 14, 1888.)

EMINENT DOMAIN—CONSTRUCTION OF ELEVATED RAILROAD — INJUNCTION TO RESTRAIN —CONSEQUENTIAL DAMAGES.

Where an elevated railroad company has obtained the consent of the city and of the requisite number of property owners, and has proceeded with the construction of its road in the street beyond the property of the plaintiffs, a court of equity, in the exercise of its discretion, will not enjoin the further prosecution of the work on the ground that compensation has not been made to plaintiffs for consequential damages.

Appeals from special term, Kings county; E. M. CULLEN, Justice.

*L. W. Russell,* for appellant.   *Wm. J. Gaynor,* for respondent Andrew J. Nutting.   *Smith, Woodward & Buckley,* for respondent Joseph Bryan.   *Chas. J. Patterson,* for respondent Benj. Croner.

DYKMAN, J.   These three actions are brought against the Kings County Elevated Railroad Company to restrain the company from the construction of its road, on the ground that no compensation has been made to the plaintiffs, who are abutting owners, and the road cannot be constructed until such owner has first been paid for his damage.   Application was made in each case for preliminary injunctions, which were granted, in substance, and the defendant has appealed from the orders.   In the *Bryan Case* the order was denied upon a condition which imposed a burden upon the defendant, and there is an appeal from that order also.   While it is now settled that abutting own-

ers are entitled to compensation for the damages resulting to their property from the construction and operation of an elevated railroad, yet such compensation can be obtained by an action for damages, and it by no means follows that the discretion of a court of equity will be exercised to arrest the construction of such a work when it has been commenced in a lawful manner, or to compel the removal of the same after it is built. This elevated railroad is of paramount importance to the city of Brooklyn, and great public benefits are expected to flow from its fabrication, and the citizens of that municipality look forward with pleasing anticipations to the time of its completion and operation. In view of all the facts and peculiar circumstances surrounding these cases, we do not think it would be a wise exercise of the discretionary power of this court to permit these plaintiffs to place themselves in front of this public improvement, and suspend its progress, if their legal rights can be protected without such extraordinary interference. This is not like the case of an entry upon private property, because the damages alleged are all consequential. The defendant had the consent of the local municipal authorities, and of the requisite number of property owners on the street, and had proceeded with its erection beyond the property of the plaintiffs, when they applied for these injunctions, and one of them had consented to the road. Moreover, the ends of justice may be attained with more certainty and satisfaction if the damages of the plaintiffs are ascertained after the company commences to operate its road, as the results of such operation upon the property will then be manifested by experience. The portions of the orders appealed from should be reversed, with $10 costs and disbursements in each case; and the motions should all be denied, with $10 costs in each case.