NUTTING v. KINGS COUNTY EL. RY. CO.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

WITNESS—CREDIBILITY—CONTRADICTORY STATEMENTS.

Plaintiff testified that defendant agreed to pay him $9,000 if he would agree to a postponement of his appeal from a judgment in proceedings taken by defendant to acquire the right to build a railway in a street in front of plaintiff's premises, but afterwards admitted that for the $9,000 defendant should acquire plaintiff's easement in the street. *Held,* the evidence of plaintiff being contradictory and unsupported except by that of his counsel, that a finding of the jury that the $9,000 was to be paid for the postponement of the appeal only was erroneous, and should have been set aside.

Appeal from circuit court, Kings county.

Action by Andrew J. Nutting against the Kings County Elevated Railway Company. From a judgment entered on the verdict of a jury and from an order denying a motion for a new trial defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Vanderpoel, Cuming & Goodwin,* (*Delos McCurdy,* of counsel,) for appellant. *William J. Gaynor,* for respondent.

DYKMAN, J. The complaint in this action alleges the ownership of the plaintiff of certain real property in Fulton, and the defendant requested him to sign a consent for the building and operation of its railway, and promised to pay him therefor the same as it was paying other property owners for similar consents, which was 10 per cent. on the valuation of the property; that the assessed valuation of the plaintiff's property was $90,000; that he signed the consent under such agreement, and delivered the same to the defendant, but the defendant has not paid, and refuses to pay, the plaintiff the sum of $9,000, to which he is entitled under the said agreement. For a second cause of action the complaint alleges that in January, 1888, the defendant instituted proceedings for the acquisition of the easement and rights of the plaintiff in Fulton street; that the plaintiff appeared in the proceedings, and raised an issue, which was tried and decided in favor of the defendant, and order to that effect was entered, which was affirmed by the supreme court at general term, (1 N. Y. Supp. 383,) and the plaintiff appealed to the court of appeals from the order of affirmance; that the appeal was on the day calendar of the court of appeals for hearing on or about the 27th day of November, 1888, at the same time with another appeal in the matter of the Union Elevated Railway Company; that the day before the appeal of the plaintiff was to have been heard the defendant promised and agreed, if he would consent to have his appeal set down and heard with the other appeal, to pay him in cash as high a sum as it had paid or agreed to pay to any property owner on the said Fulton street for consenting to or signing the statutory consent for the building and operation of its railway on the said Fulton street, in proportion to the value of the plaintiff's said real property, as compared with the value of such other real property so consented for, as such values might appear on the books of the department of assessments of the city of Brooklyn, namely, that it would pay to the plaintiff a sum which would be equal to the same percentage of the said value of his property as the sum paid or agreed to be paid to such other property owner or owners was of the value of their property. At the trial the plaintiff and his attorney were the only witnesses for the plaintiff, and no testimony was offered by the defendant. After the plaintiff had given testimony tending to show that the company agreed to pay him $9,000 for the adjournment of the hearing of his appeal, the plaintiff testified as follows: "*By the Court. Question.* Had you asked nine thousand dollars in these conversations which you had with Judge Shea for this consent which you had given? *Answer.* Yes, sir. *Q.* That is, had you asked it apart from the adjournment question? *A.* Yes, sir. *By Defendant's Counsel. Q.* By that you intended

v.16N.Y.s.no.9—43

and understood that the company were to have the right of way across your premises? *A.* Yes, sir. *Q.* And that was included in the nine thousand dollars? *By Plaintiff's Counsel.* How does he know that? *By Defendant's Counsel.* *Q.* As you understood it, that the nine thousand dollars which you asked in the office of Vanderpoel, Cuming & Goodwin, in October, 1888, and in the nine thousand dollars which you say Judge Shea promised to give you, was not there intended the right of way of the company across the premises? *A.* I understood, in the same position as they settled with others; there was nothing said. *Q.* Didn't you understand that that payment of nine thousand dollars included the right of way across your premises? *A.* I suppose that was it; yes, sir. That they were to have that privilege." This last evidence is inconsistent with the first part of the plaintiff's testimony, and is irreconcilable therewith. It is, moreover, much more consistent with all the circumstances which cluster round the transaction. It is inconceivable that this corporation, or any of its agents, would agree to pay the plaintiff $9,000 for the postponement of the argument of an appeal, with no condition attached respecting the ultimate determination of the case, when for the same sum it could buy out the litigation, and secure the easement of the plaintiff in the street. That was what the plaintiff had agreed to take, and the defendant held the consent, and yet the jury must have found, contrary to the latter part of the plaintiff's testimony, that the $9,000 was to be paid for the adjournment only. The judgment must stand upon the testimony of the plaintiff, unsupported by any fact or circumstance, and, as that was inconsistent and contradictory, we do not think the jury was justified in taking the statement most favorable to him as the basis of a verdict, and disregarding the testimony which was fatal to his case. It must be assumed that he made the best statement possible in his own interest, and, when he admitted that he understood that the payment of $9,000 included the right of way across his premises, the admission was fatal to his recovery. The verdict is unjust, because, if it stands, the plaintiff will receive $9,000 for nothing, and collect the damages resulting from a deprivation of his easement besides,—a result which never could have been intended by either the defendant or the plaintiff,—and his testimony is antagonistic to such a theory and such a result. The verdict must have been the result of misapprehension. Our conclusion is that the testimony of the plaintiff is contradictory and unsatisfactory, and that a verdict based upon it cannot be permitted to stand, and that the motion of the defendant to dismiss complaint should have been granted. The judgment and order denying the motion for a new trial should be reversed, and a new trial granted, with costs to abide the event. All concur.